NOT DESIGNATED FOR PUBLICATION

No. 123,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN JOSHUA LUTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed August 27, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., CLINE, J., and WALKER, S.J.

PER CURIAM:  After Brian Joshua Lutz pled guilty to two drug-related felonies, the district court sentenced him to an underlying 62-month prison sentence. The district court granted Lutz' motion for a dispositional departure, suspended the prison sentence, and imposed 36 months of probation. While on probation, Lutz served a two-day jail sanction after failing to report for office visits and mandatory therapy. He then served a second two-day sanction after self-reporting to his probation officer that he would test positive for marijuana and methamphetamine.

Shortly after Lutz' second jail sanction, the State sought revocation of his probation since he had been charged in Shawnee County with driving under the influence, possession of drug paraphernalia, possession of marijuana, possession of methamphetamine, and various traffic infractions. Additionally, Lutz' probation officer alleged in an affidavit that the New Dawn drug treatment program dismissed Lutz for possibly dealing drugs to another client.

Lutz stipulated to violating the conditions of his probation by failing to remain law abiding but did not stipulate to the allegations regarding his alleged dismissal from the New Dawn treatment program. Lutz asserted New Dawn had not dismissed him, claiming he was arrested before he started the program. He claimed New Dawn had invited him back to start treatment.

After hearing from both the State and Lutz, the district court revoked Lutz' probation and imposed the underlying 62-month prison sentence. The district court gave several reasons for revoking Lutz' probation, including that Lutz committed new violations of the law, failed to follow through with drug treatment, and received a dispositional departure in this case. Regarding the New Dawn allegations, the district court judge stated, "You didn't follow through with the treatment program. You were released from New Dawn for whatever reason, but you were released."

Lutz acknowledges the district court had the legal authority to revoke his probation because he stipulated to committing new violations of the law. He argues the district court abused its discretionary authority because it relied on a factual error, namely that Lutz did not follow through with drug treatment and New Dawn dismissed him for dealing drugs to another client. He also argues no reasonable person would have agreed with the district court's decision.

We do not find the district court abused its discretion. Even if the court's reliance on the drug treatment assertions was misplaced, Lutz' dispositional departure and stipulation to his failure to remain law-abiding provided valid and sufficient alternate grounds to revoke his probation. K.S.A. 2015 Supp. 22-3716(c)(8). When the district court relies on a valid basis to discretionally revoke probation, another potentially invalid basis for the probation revocation does not invalidate that decision. See *State v. Grossman*, 45 Kan. App. 2d 420, 427-28, 248 P.3d 776 (2011) (finding district court not inquiring into reasons for indigent probationer's failure to comply with financial conditions of probation was not an abuse of discretion when probationer admitted to violating 10 other conditions of probation); see also *State v. Cooper*, No. 119,036, 2019 WL 1496305, at *2 (Kan. App. 2019) (unpublished opinion) (noting probation revocation is generally upheld even when one ground district court relied on may be invalid as long as another basis for the revocation was proper).

We find the district court's decision to revoke Lutz' probation was reasonable based on Lutz' dispositional departure and his own admission that he violated his probation.

Affirmed.

3